UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

EDWARD MOSS OLIVER,

          Defendant.

Criminal No. 05-0575M-01/03-531 (EGS)

## DETENTION MEMORANDUM

The Defendant, Edward Moss Oliver, has been charged with two separate counts of possession of a firearm, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). The Defendant was charged by indictment with possession of a Smith & Wesson .357 caliber revolver in February of 2002. The Defendant has also been charged by criminal complaint with possession of an LR Phoenix .22 caliber handgun on Nov. 2, 2005. The government requested a detention hearing, which was held on November 7, 2005. At the conclusion of the preliminary and detention hearings, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

## Findings of Fact

At the preliminary and detention hearing, Officer Richard Matos of the Metropolitan Police Department ("MPD") testified on behalf of the government. Officer Matos testified that on Nov. 2, 2005, at approximately 6:50 P.M., officers with the MPD's vice unit were patrolling the area near the 400 block of H Street, N.E.. According to Officer Matos, he and several other plainclothes officers were patrolling the area in unmarked cars. Officer Matos testified that he saw the Defendant in an alleyway with an open beer can. There were several other individuals in the alley as well.

Officer Matos and the other officers drove into the alleyway. Officer Matos testified that he got out of the car and asked Mr. Oliver what he was doing. Mr. Oliver responded, "We can't even be out here drinking?" Officer Matos testified that he asked Mr. Oliver to show him his hands. According to Officer Matos, Mr. Oliver showed him one hand, but reached his other hand into his left pants pocket. Officer Matos attempted to pull his hand back out, at which point a silver gun fell out of Mr. Oliver's pocket and onto the ground. The gun was loaded, with one bullet in the chamber and seven bullets in the magazine.[1] A criminal record check revealed that Mr. Oliver has prior convictions for second degree theft and burglary II in 1988, both felonies punishable by imprisonment for a term exceeding one year. Mr. Oliver was also convicted of attempted kidnaping in 1998, for which he received 3 to 9 months and 3 years probation. The Court therefore found that there was sufficient evidence to establish probable cause that Mr. Oliver had possessed a firearm in violation of 18 U.S.C. § 922(g)(1).

On March, 3, 2003, Mr. Oliver was indicted by a grand jury with unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1), possession of marijuana, assault with a dangerous

---

[1]The gun was found to be inoperable when test-fired by the police.

weapon and threatening to injure another.  No one was able to explain to the Court why the government never executed an arrest warrant for this indictment.

## Discussion

Having heard the testimony of Officer Matos at the November 7, 2005 hearing, the Court found that there is probable cause to believe that the Defendant committed an offense in violation of  18 U.S.C. § 922(g)(1) on Nov. 2, 2005.  The existence of an indictment establishes probable cause for the Feb. 2, 2002 charges.

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C. § 3142(e).  Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention.  *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

When, as here, probable cause exists to believe that the Defendant has committed a felony, having previously been convicted of two or more "crimes of violence," a rebuttable presumption arises that the Defendant constitutes a danger to the community, and no pretrial release condition or combination of conditions may be imposed to assure his future presence in court or to reasonably assure the safety of the community. 18 U.S.C. § 3142(e), (f)(1)(D).

In determining whether there are conditions of release which will reasonably assure the Defendant's future presence in court or assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and

- 3 -

circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) the Defendant's history and characteristics, including the Defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the Defendant's release.  *See* 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention.  Unlawful possession of firearms and ammunition is a serious offense.  The second factor, the weight of the evidence, also favors detention.  The gun fell out of Mr. Oliver's pocket in the presence of Officer Matos.

The third factor, the history and characteristics of the Defendant, supports pretrial detention. Mr. Oliver has a lengthy criminal record, including convictions for simple assault, destruction of property, attempted kidnaping, burglary and theft.  Mr. Oliver's record presents a history of disregard for court-imposed conditions and the safety of those around him.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention. Mr. Oliver is charged with two separate instances of carrying a loaded gun.  Mr. Oliver's willingness to carry a gun in a community already bearing the brunt of the rampant epidemic of shootings and murders, together with his prior convictions for crimes of violence, indicate a clear danger to the community.

## Conclusion

Based upon consideration of all the evidence and the factors set forth in 18 U.S.C. § 3142(g), the Court concludes that the statutory presumption of danger to the community has not been overcome.  The Court finds by a preponderance of the evidence that no condition or combination of conditions can be imposed that would assure the safety of the community should the Defendant be

released prior to trial.  Therefore, the government's motion for pretrial detention is granted.


Dated: November _8th_, 2005                    _____/s/_____
                                               ALAN KAY
                                               UNITED STATES MAGISTRATE JUDGE