UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs.  ) | Cr. No. 05-425 (RCL) |
| ) | |
| EDWARD OLIVER,  ) | |
| ) | |
| Defendant.  ) | |

**MOTION TO SUPPRESS TANGIBLE EVIDENCE
AND INCORPORATED MEMORANDUM**

Mr. Edward Oliver, the defendant, through undersigned counsel, respectfully moves this Honorable Court to suppress the use as evidence at trial of all tangible objects seized from him on November 2, 2005.  This motion is made pursuant to Fed. R. Crim. P. 12(b)(3), and is supported by the discussion below.  Mr. Oliver respectfully requests an evidentiary hearing on this motion.  In support of this motion, counsel submits the following.

**Factual Background**[1]

Mr. Oliver is charged in a two-count indictment with Count One - Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1) and Count Two - Simple Possession of a Controlled Substance, in violation of 21 U.S.C. § 844(a).  The charges arose out of an incident that occurred on November 2, 2005.  On that date, officers of the Metropolitan Police Department stopped, arrested and searched Mr. Oliver.  According to the officers, they recovered a firearm and a clear zip lock bag containing a green weed-like substance.

---

[1] This statement of the facts is a summary based on the P.D. 163 police report.  By including in this motion the facts as alleged by government witnesses, Mr. Oliver does not in any way concede that these facts are accurate or true.

**Argument**

Warrantless searches and seizures, like the instant one, "are per se unreasonable ... subject only to a few specifically established and well delineated exceptions. Katz v. United States, 389 U.S. 347, 357 (1967). Fourth Amendment protection against unreasonable seizures applies to seizures of the person. California v. Hodari, 111 S.Ct. 1547, 1549 (1991); Henry v. United States, 361 U.S. 98, 100 (1959).

A seizure exists when a reasonable person in the defendant's position would not feel free to leave. United States v. Jones, 973 F.2d 928 (D.C. Cir.), vacated in part, 980 F.2d 746 (1992), and cert. Denied, 114 S. Ct. 741 (1994); California v. Hodari, 111 S.Ct. 1547, 1552 (1991). A person is, therefore, seized if s/he is restrained in some manner, either by physical force or submission to a show of authority. Terry v. Ohio, 88 S.Ct. 1868, 1879 n. 16; United States v. Wood, 981 F.2d 536, 538 (D.C. Cir. 1992); Hodari, at 1551.

To make a lawful arrest--the "quintessential 'seizure of the person' under our Fourth Amendment jurisprudence," id. at 1550--police must have probable cause to believe that a person has committed or is committing an offense, see Beck v. Ohio, 379 U.S. 89, 91 (1964). To conduct an investigative detention, the police need reasonable, articulable suspicion. See Terry v. Ohio, 392 U.S. 1, 21 (1968).

Because the officers arrested Mr. Oliver without a warrant, the prosecution bears the burden of proving probable cause for the arrest. See Beck v. Ohio, 379 U.S. at 91. The prosecution must establish that the facts and circumstances known to the officers at the time they seized Mr. Oliver justified that seizure and any search. United States v. Jenkins, 530 F. Supp. 8, 10 (D.D.C. 1981). Further, the government bears the burden of adducing sworn testimony sufficient to satisfy this Court that the facts and circumstances known to the seizing officers at

2

the time they stopped Mr. Oliver justified the stop.  See Florida v. Royer, 460 U.S. 491, 500 (1983); United States v. Allen, 629 F.2d 51, 55 (D.C. Cir. 1980).

Mr. Oliver anticipates that evidence adduced at an evidentiary hearing on this Motion will demonstrate that--contrary to the Criminal Complaint--officers arrested Mr. Oliver without information "sufficient to warrant a prudent man in believing that [Mr. Oliver] had committed or was committing an offense."  Beck v. Ohio, 379 U.S. at 91. Absent such a showing, the seizure is deemed illegal and all evidence obtained as a result must be suppressed.  Wong Sun v. United States, 371 F.2d 471 (1963).

## Conclusion

For the reasons set forth above, and for such other reasons as this Court may determine at a hearing on this motion, Mr. Oliver respectfully requests that this motion be granted and that the Court suppress the use as evidence of all items allegedly seized from him.

Respectfully submitted,

\_\_/s/_____
Danielle C. Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004
(202) 208-7500