UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO. 05-425 (RCL) |
| | : | |
| v. | : | |
| | : | |
| EDWARD OLIVER | : | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO SUPPRESS TANGIBLE EVIDENCE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby opposes defendant's motion to suppress tangible evidence. The government relies upon the points and authorities set out in this memorandum and at any hearing on this matter.

**Factual Background**

The defendant has been charged in two-count indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1), and Possession of Marijuana, in violation of 21 U.S.C. § 844(a). The government expects evidence presented at any hearing on this matter to establish that on November 2, 2005, Metropolitan Police Officers saw the defendant in an alley behind the 400 block of H Street, NE, in Washington, DC. The defendant had a 24 ounce can of beer in his hand. The police officers entered the alley and drove up to the defendant. As the officers approached the defendant, the defendant placed the container on the ledge behind him. The police officers saw that the beer can was open. One of the officers asked the defendant what he was doing, to which the defendant replied, "we can't even be out here drinking?" The defendant also said "we're only in the alley here drinking." Officer Richard

Matos then attempted to arrest the defendant for possession of an open container of alcohol. The defendant turned away from the officer and reached towards his pants pocket. Officer Matos grabbed for the defendant's hands, and saw a silver object fall to the ground. Officer Matos saw that the item which had fallen was a loaded .22 caliber Phoenix firearm. The firearm was loaded with seven rounds in the magazine and one round in the chamber. A search incident to the arrest of the defendant revealed a ziplock of marijuana from the defendant's right fronts pants pocket.

**Argument**

"Law enforcement officers do not violate the Fourth Amendment's prohibition of unreasonable seizures merely by approaching individuals on the street or in other public places and putting questions to them if they are willing to listen." United States v. Drayton, 536 U.S. 194, 200 (2002). See also Florida v. Royer, 460 U.S. 491, 497 (1983) (plurality opinion); Florida v. Rodriguez, 469 U.S. 1, 5-6 (1984) (per curiam) (holding that such interactions in airports are "the sort of consensual encounter[s] that implicat[e] no Fourth Amendment interest"). "Even when law enforcement officers have no basis for suspecting a particular individual, they may pose questions, ask for identification . . . ." Drayton, 546 U.S. at 201. Here, the officers had a basis for stopping the defendant, as he was seen in a public area with a container of alcohol. When the officers saw that the container of alcohol was open, they had probable cause not only to stop the defendant, but to arrest him for violating 25 D.C. Code § 1001, which states *inter alia*, that " no person in the District shall drink an alcoholic beverage or possess in an open container an alcoholic beverage in or upon . . . a street, alley, park, sidewalk, or parking area." This offense is punishable by a $500 fine or up to ninety days imprisonment.

Furthermore,

> [t]he Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. On the contrary, Terry recognizes that it may be the essence of good police work to adopt an intermediate response. . . . A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time.

Adams v. Williams, 407 U.S. 143, 144 (1972). Applying that premise to the situation now before the Court, the officers adopted an "intermediate response" when they approached the defendant and attempted to determine if the container of alcohol was open.

WHEREFORE, for the reasons stated above, the United States respectfully requests that this Honorable Court deny the defendant's motion to suppress tangible evidence.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
Bar No. 451058

_____

Catherine K. Connelly
Assistant United States Attorney
Major Crimes Section
Mass. Bar No. 649430
555 4th Street, N.W.  #4844
Washington, DC 20001
Phone: 616-3384
Fax: 353-9414

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney for the defendant, Dani Jahn, this 17th day of January, 2006.

_____
Catherine Connelly
Assistant United States Attorney