UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Cr. No. 05-425 (RCL) |
| ) | |
| EDWARD OLIVER, ) | |
| ) | |
| Defendant. ) | |

**MOTION TO SUPPRESS STATEMENTS
AND INCORPORATED MEMORANDUM**

Mr. Edward Oliver, the defendant, through undersigned counsel, respectfully moves this Honorable Court, pursuant to the Fifth amendment to the United States Constitution, to suppress at trial all statements made by the Defendant on November 2, 2005. This motion is made pursuant to Fed. R. Crim. P. 12(b)(3), and is supported by the discussion below.

**Factual Background**

Mr. Oliver is charged in a two-count indictment with Count One - Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1) and Count Two - Simple Possession of a Controlled Substance, in violation of 21 U.S.C. § 844(a). The charges arose out of an incident that occurred on November 2, 2005. On that date, officers of the Metropolitan Police Department stopped, arrested and searched Mr. Oliver.

According to the testimony of Metropolitan Police Department Officer Richard Matos, Mr. Oliver made a statement to him which was something to the effect that "they were just out in the alley drinking." This statement occurred immediately upon Officer Matos' exit from his police vehicle. There are no other statements that the government intends to use at trial against

Mr. Oliver.

## ARGUMENT

Miranda requires suppression during the government's case-in-chief of any unwarned communication by the defendant in response to custodial interrogation.  See, e.g., Pennsylvania v. Muniz, 496 U.S. 582, 110 S. Ct. 2638, 2643-44 (1990).  A person is in "custody" under Miranda when she "has been . . . deprived of his freedom of action in any significant way."  Miranda, 384 U.S. at 444.  Whether a person is in custody depends upon "how a reasonable man in the suspect's position would have understood his situation."  Berkemer v. McCarty, 468 U.S. 420, 442 (1984).  "[T]he term 'interrogation' under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody)."  Rhode Island v. Innis, 446 U.S. 291, 301 (1980) (footnotes omitted).  Thus a person must be advised of his Miranda warnings when there are "words or actions on the part of the police ... that the police should know are reasonably likely to elicit an incriminating response from the suspect."  Id. at 301.

With regard to the statement and actions at issue here, Mr. Oliver was clearly "in custody" for Miranda purposes.  The test for custody is whether a reasonable person in Mr. Oliver's position would have believed himself unfree in a significant manner.  See Berkemer, 468 U.S. at 442; and see also, United States v. Bowyer, 985 F.Supp. 153 (D.D.C. 1997). According to the testimony at the motions hearing, Mr. Oliver was instructed to stay where he was standing as soon as Officer Matos exited his police vehicle.  Therefore a reasonable person in Mr. Oliver's position would have believed that he was in custody and not free to leave when Officer Matos told him to stay where he was standing.  See, Berkemer, 468 U.S. at 442.

After a person has been taken into custody or otherwise deprived of his freedom of action in any significant way, the right to Miranda warnings applies when a defendant is subject to "interrogation ... not only express questioning," but also to "words or actions on the part of the police officers that they should have known were likely to elicit an incriminating response from the suspect." <u>Innis</u>, 446 U.S. at 301. Therefore, even if a defendant is in custody, Miranda rights do not attach until a defendant is interrogated. <u>See</u> <u>United States v. Bowyer</u>, 985 F.Supp. 153 (D.D.C. 1997). The words or actions on the part of the police that are reasonably likely to elicit an incriminating response is analyzed from the perception of the suspect, rather than the intent of the police. <u>Innis</u>, 446 U.S. at 301.

This circuit in <u>United States v. Bogle</u>, 114 F.3d 1271 (D.C. Cir. 1997), held that express questioning constitutes interrogation only when it is reasonably likely to elicit an incriminating response. Therefore under <u>Bogle</u> and <u>Innis</u>, the inquiry to Mr. Oliver whereby Officer Matos asked Mr. Oliver what they were doing was an inquiry in which it would likely elicit an incriminating response.

## Conclusion

For the reasons set forth above, and for such other reasons as this Court may determine at a hearing on this motion, Mr. Oliver respectfully requests that this motion be granted and that the Court suppress the use as evidence of all statements allegedly made by him.

                                Respectfully submitted,

                                __/s/_____
                                Danielle C. Jahn
                                Assistant Federal Public Defender
                                625 Indiana Avenue, N.W., Suite 550
                                Washington, D.C. 20004
                                (202) 208-7500