UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO. 05-425 (RCL) |
| | : | |
| v. | : | |
| | : | |
| EDWARD OLIVER | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS STATEMENTS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby opposes defendant's motion to suppress statements. The government relies upon the points and authorities set out in this memorandum and at any hearing on this matter.

**Factual Background**

The defendant has been charged in two-count indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1), and Possession of Marijuana, in violation of 21 U.S.C. § 844(a). The government expects evidence presented at any hearing on this matter to establish that on November 2, 2005, Metropolitan Police Officers saw the defendant in an alley behind the 400 block of H Street, NE, in Washington, DC. The defendant had a 24 ounce can of beer in his hand. The police officers entered the alley and drove up to the defendant. As the officers approached the defendant, the defendant placed the container on the ledge behind him. The police officers saw that the beer can was open. One of the officers asked the defendant what he was doing, to which the defendant said something to the effect of "we're only in the alley here drinking." Officer Richard Matos then attempted to arrest the defendant

for possession of an open container of alcohol.  The defendant turned away from the officer and reached towards his pants pocket.  Officer Matos grabbed for the defendant's hands, and saw a silver object fall to the ground.  Officer Matos saw that the item which had fallen was a loaded .22 caliber Phoenix firearm.  The firearm was loaded with seven rounds in the magazine and one round in the chamber.  A search incident to the arrest of the defendant revealed a ziplock of marijuana from the defendant's right fronts pants pocket.

## Argument

Defendant argues that his statements on the scene should be suppressed because they were made in violation of <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).  This argument is without merit, and should be denied.  Under <u>Miranda</u>, custodial interrogation automatically triggers numerous procedural safeguards to protect an individual's Fifth Amendment right against compulsory self-incrimination. As explained in <u>Miranda</u>, custodial interrogation refers to "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." 384 U.S. at 444. The Court has stressed that these safeguards come into play only when the defendant is subject to both custody and interrogation. <u>Rhode Island v. Innis</u>, 446 U.S. 291, 297 (1980); <u>Beckwith v. United States</u>, 425 U.S. 341, 347 (1975).

In this case, Officer Matos' testimony at the motions hearing held on February 3, 2006, made clear that the defendant was not in custody when he made the statements at the scene. Officer Matos testified that the entry to the alley was not blocked, and no other police personnel were preventing the defendant from leaving.  Furthermore, investigatory questioning of a potential defendant is appropriate in certain instances, and need not be preceded by <u>Miranda</u>

warnings. See Berkemer v. McCarty, 468 U.S. 420 (1984); see also Pennsylvania v. Bruder, 488 U.S. 9 (1988). "[S]ome inquiry can be made as part of an investigation notwithstanding limited and brief restraints by police in their effort to screen crimes from relatively routine mishaps." Allen v. United States, 390 F.2d 476, 479 (D.C. Cir. 1968) (Miranda warnings not required before police may ask generic questions necessary to determine facts of situation). In the case now before the Court, Officer Matos asked the defendant what he was doing. Such an inquiry is clearly a generic question, and thus permitted.

Given that the defendant was not in custody at the time he made the statement at issue to the police, there is no basis for suppressing the statement.

WHEREFORE, for the reasons stated above, the United States respectfully requests that this Honorable Court deny the defendant's motion to suppress statements.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
Bar No. 451058

_____

Catherine K. Connelly
Assistant United States Attorney
Major Crimes Section
Mass. Bar No. 649430
555 4th Street, N.W. #4844
Washington, DC 20001
Phone: 616-3384
Fax: 353-9414

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney for the defendant, Dani Jahn, this 8th day of February, 2006.

_____
Catherine Connelly
Assistant United States Attorney